Turley, J.
delivered the opinion of the court.
This is a bill filed for a construction of the will of William Ward, deceased, and to have declared the rights of the different persons claiming under it. William Ward, by his last will, devised all his estate of every kind and description, (with the exception of that portion of it devised, specifically, to his nepliew, Thompson Ward,) to his wife, Mary Ward, for her use and benefit during her life, and at her death, to be equally divided; the one-half to be disposed of in any way, his said wife might wish, at her death; the other half to be equally divided between Rachael, Rhody and Sealy Ward, daughters of his brother Joshua Ward, and Thompson Ward, son of his brother James Ward, and their heirs.
Rhody and Sealy Ward, two of the devisees of one-half of the estate, after the death of Mrs. Ward, died without children before William Ward, the testator: and the legacy as to them lapsed. Upon' this clause of the will, and the lapsing of the legacy of Rhody and Sealy Ward, two questions are presented.
1st. 'What interest did Thompson Ward take under the devise to himself and Rachael, Rhody and Sealy Ward? That is, do these devisees take per stirpes? Thompson Ward as representing his father, James Ward, and Rachael, Rhody and Sealy Ward, as representating their father, Joshua Ward, or per capita, each, one individual fourth part of the devise? We are clear, that they take per capita, and not per stirpes. In the case of Seay, adm’r. vs. Winston and others, 7th Humph. 472, it is held, that under a devise of property, at the death of the wife, to be equally divided between the children of the brothers and sisters of the devisor, the nephews and nieces took equal shares per capita.
The 2d. question is, what interest, if any, did Mary Ward, the wife of the testator, take in the lapsed legacy of Rhody *580 and Sealy Ward? And we think, none at all. As to that portion of his estate, William Ward died intestate, and his wife, having had provision made for her in the will, with which she was content, cannot claim any interest therein, either as dower or by distribution.
Previous to the act of 1784, ch. 22, a devise to a wife, by her husband, was not held to be in satisfaction of dower, unless it were so expressed, or the implication, that it was so intended, was too strong to be resisted, and she might take both her dower and her-bequest; but, by that statute, a provision for the wife in a will, of itself, forces her to elect, whether she will take under or against the will, and that within six months after the probate of the will; for if she do not express her dissent to the will in open court, within that time^ the provision made for her, shall be considered as fully satisfactory to her. But if she do so dissent, then the will is not in her way, and she shall have her dower in the lands of her husband, and her distributive share of his personal estate. Mary Ward, the wife, did not thus dissent, in this case, and she, therefore, can claim no portion of the estate of her husband, either real or personal, but what has been bequested to her by the will.
A third question arises, as to the .construction of a deed from Thompson Ward to Mary Ward, executed on the 21st of August, 1841, and by which he conveys to her, “all his interest, title and claim, to any and every part of the estate of the late Dr. William Ward, whether- consisting of real or personal property, money or choses in action, which he was entitled to under the will of the said. William Ward, after the death of her, the said Mary.”
Nowit is observed, that Thompson Ward was ah heir and distributee of the said William Ward; deceased, as well as a legatee, and, therefore, as such, was entitled to a portion of the lapsed legacy of Rachael and Sealy Ward, which he does not take under the will; and it also appears, that he purchased *581 Trom one J. C. Large and his wife, Elizabeth, who claimed to be an heir and distributee of the said William Ward, all their interest in his estate, and took from them á deed therefor, on the 10th day of January, 1840; and it is how contended, that their interest passed by the deed to Mary Ward, as well as. that claimed by him under the will.
We do not think so. Thompson Ward sold and conveyed to Mary Ward, all his interest in the estate devised to him by the will, and no more, for such were the express words of the bargainor used in the deed; and for us, now, to hold, that any interest derived'by descent, or distribution in the estate, or that may have been acquired by him, by purchase from others, and not by the deed, would'be to make a contract for him, and not to expound one.
We, therefore, reverse the decree of the chancellor in this case, and declare the rights of the parties, according to the principles of construction given by us to the will, and deed of Thompson Ward, and direct a reference to the clerk and master to report accordingly.